CHRISTOPHER C. HENNING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Henning v. Commissioner
Docket No. 14173-80
United States Tax Court
T.C. Memo 1981-401; 1981 Tax Ct. Memo LEXIS 343; 42 T.C.M. (CCH) 564; T.C.M. (RIA) 81401; August 4, 1981. Christopher C. Henning, pro se. Kay L. Windram, for the respondent. *344 DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned for trial to Special Trial Judge Randolph F. Caldwell, Jr., pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency of $ 64 in petitioner's 1976 Federal income tax. The deficiency was based upon the disallowance of a credit for child care expenses. Petitioner has conceded the correctness of that disallowance. However, in his petition and at the trial, he claimed entitlement to a credit for the purchase of a new principal residence under section 14. [1] Whether he is so entitled is the issue for decision. FINDINGS OF FACT Some of the facts were stipulated. The stipulation, with the exhibits identified therein, is incorporated herein by reference. Petitioner was a resident of the State of Michigan at the time he filed his petition. Throughout the years 1975 and 1976, *345 and up until October 1977, petitioner was employed by a lumber and hardware concern in Mount Clemens, Michigan, which is located in southeastern Michigan in what may be called the greater Detroit metropolitan area. Petitioner and his wife and their two children lived in Fairhaven, Michigan, which is about 20 miles north of Mount Clemens. For a part of the year 1975, they lived in a mobile home which was destroyed by fire. Thereafter they resided with Mrs. Henning's mother next door to where the mobile home had been located. Sometime in early 1975, or perhaps prior thereto, petitioner purchased a 15-acre lot in Beulah, Michigan, on which to erect a house for himself and his family. Beulah is in the northwest part of Michigan's lower peninsula, near Lake Michigan and Traverse City. It is about 190 miles across the lower peninsula from the Mount Clemens area. In February 1975, petitioner began to pour the foundation for the new house. The structure was "livable" by the summer of 1976. In August 1976, petitioner and his family spent a month in the new house, and then returned to the Mount Clemens area. In November of that year, the family spent two weeks in the new house *346 when petitioner came up to go hunting. On or about February 1, 1977, petitioner and his family made the new house in Beulah their principal residence. Petitioner was desirous of obtaining employment in the Traverse City/Beulah area. He was not able to find employment there until October 1977. In the interval between February and October 1977, petitioner would spend the weekends with his wife and children in the new house in Beulah, and the remainder of the week with his mother-in-law in Fairhaven while he worked at his job with the lumber and hardware company in Mount Clemens. Occasionally, his wife and children would come back down to Fairhaven with petitioner so that she could see her mother. Petitioner did not claim a credit for the purchase of a new principal residence under section 44 on his 1976 return. In his petition he did claim entitlement to such a credit. Respondent denied that claim in his answer. OPINION Section 44(a) allows as a credit against tax an amount equal to 5 percent of the purchase price of a new principal residence, up to a maximum of $ 2,000 (sec. 44(b)(1)). In the definitions set out in section 44(c), a "new principal residence" is defined *347 as meaning a principal residence within the meaning of section 10349 Section 44(e)(1) provides: (e) Property to which Section Applies. -- (1) In general. -- The provisions of this section apply to a new principal residence -- (A) the construction of which began before March 26, 1975, (B) which is acquired and occupied by the taxpayer after March 12, 1975, and before January 1, 1977, and * * * In the present case petitioner began construction of the house in Beulah prior to March 26, 1975. However, it must be concluded that he and his family did not occupy the Beulah house prior to January 1, 1977. The short periods of occupancy during August and November 1976 do not suffice to qualify as occupancy of the house as the principal residence of petitioner and his family. Up until February 1977, their principal residence was at Fairhaven, Michigan, in the home of petitioner's wife's mother. In the recent case of , this Court stated: A taxpayer must live in a house on a regular day-to-day basis in order for the house to be his "principal residence" within the meaning of section 1034. ; *348 , affd. per curiam ; . In both the Bayley and Sheahan cases, the record was clear that the taxpayer intended to occupy the new house as a principal residence but had not done so within the time provided for such occupancy by section 1034. As was pointed out in , the limitations of section 1034 have been recognized and consistently given effect even though the result may seem harsh. Respondent was correct in denying petitioner's claim to be entitled to a credit under section 44. Petitioner also urges that in connection with the settlement of his case (at Docket No. 10372-77) for 1975, respondent's counsel stated that petitioner would be entitled to a section 44 credit for 1976. After consideration of the testimony of petitioner, his return preparer, and respondent's attorneys, the most that can be said is that the attorneys stated that petitioner should claim the credit for 1976, but that is a far different matter than agreeing that *349 he was entitled to the credit in that year. The attorneys were without jurisdiction over that year, and moreover they did not have sufficient knowledge of the facts to make such a concession even if they had jurisdiction to do so. Respondent's determination should be sustained. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩